## SUPREME JUDICIAL COURT,

#### FOR THE COUNTY OF

## HANCOCK.

### JUNE TERM,

### 1821.

---

#### NELSON, Judge, &c. v. WOODBURY & AL.

It is the duty of the commissioners on an insolvent estate to make their own return to the Judge of Probate.

It is no part of the official duty of an administrator to receive the report of commissioners, and carry or send it to the Judge of Probate; and if he do receive such report and undertake to return it, this is merely a personal engagement for the performance, of which the sureties in his bond are not bound.

DEBT *on an administrator's bond.* The defendants having had *oyer* of the bond, in their plea set forth the condition, and alleged performance generally of the matters therein contained. To this the plaintiff replied that on the first day of *January* 1813 the goods and estate of the intestate to the value of 4000 dollars came to the hands of the administrator as assets for the payment of debts, for which he has never accounted to the plaintiff in his said capacity, so that the same could be administered.

The defendants rejoined, admitting the receipt of sundry sums belonging to the estate of which no account had been rendered to the Judge of Probate, that before such receipt the estate of the intestate had been duly represented insolvent, and commissioners thereupon had been appointed to receive and examine claims, who had never made any report to the Court of Probate of the claims exhibited to them, or of the sums by them allowed.

The plaintiff surrejoined that on the 22d day of *June* 1810, certain persons were appointed commissioners on said estate; that they gave due notice of their appointment; that they proceeded to examine and allow all just claims to them presented, and particularly the claim of *Zadoc Davis*, (a creditor for whose benefit this suit was brought,) to the amount of 1300 dollars, and made a report thereof, and of all other claims by them allowed, in writing, directed to the plaintiff in his said capacity, on the first day of *January* 1812, of which the said *Woodbury* had notice, and received said report of the said commissioners, to be by him duly delivered to the said Judge of Probate, which he then and ever since neglected and refused to deliver, and has wholly prevented the said report from coming to the hands of the Judge.

The defendants, in their rebutter, alleged "that the said " commissioners did not allow the claim of the said *Davis* to the " amount of 1300 dollars, and that said *Woodbury* did not re-" ceive the report of the said commissioners, in manner and " form," &c.

To this the plaintiff demurred in law, assigning for cause that the rebutter is double, and that it presents two distinct and different points in issue; and the defendants joined in demurrer.

*McGaw, for the plaintiff*, referred to 4 *Bac. Abr. tit. Pleas and Pleading I. page* 52. and 1 *Chitty on Pleading*, 230. 513.

*Gilman, for the defendant*, contended that the demurrer was bad, in not shewing wherein the duplicity consists, and was therefore to be taken as a general demurrer ; and this admitting the facts previously stated to be true, there is no cause of action : for the defendants have shewn that *Davis* was not a creditor, and that no report has been made by the commissioners. Further, the part of the pleadings objected to may be rejected as surplusage ; for it is immaterial whether the defendant *received* the report or not. The fact is not issuable; and if issue were taken on it, there would be a mis-trial. *Lenthal v. Cook*, 1 *Saund.* 161. *note. Hancock v. Proud*, 1 *Saund.* 337. *b. note* 3. 1 *Bos. & Pul.* 415. 416. 1 *Wils.* 219. 1 *Chitty* 513. 1 *Salk.* 219.

*Orr, in reply.* If the plea demurred to were multifarious and

Nelson v. Woodbury.

obscure, it might be necessary to point out, with greater precision, wherein its insufficiency consists. But here the plea contains two distinct propositions, and no more; and it is enough to say it is double. The Court cannot but perceive it. Nor is either fact immaterial; for if *Davis* is not a creditor he is not entitled to the benefit of this action; and if the administrator received the report, which is suppressed, he alone is the cause why no report has been made to the Judge and distribution of the estate decreed; and he ought therefore to answer upon his bond for the wrong. The case, in principle, is like debt on a bond with condition, where the obligee himself is the cause of the non-performance.

MELLEN C. J. after briefly stating the substance of the pleadings, delivered the opinion of the Court as follows:

There seems to be no doubt that the rebutter is double, as it presents two distinct and independent facts, and offers to put them in issue. Duplicity, however, must always be taken advantage of on special demurrer; and a special demurrer for duplicity must always expressly and particularly set forth wherein such duplicity consists. But we do not find it necessary to decide whether the special demurrer in this case be technically precise or not; because, admitting the argument of the plaintiff's counsel to be correct, and the rebutter to be insufficient, i is our duty to look at the first fault in the pleadings, and if, on examination, the surrejoinder should be found insufficient, the defects of the rebutter will be of no importance.

The only new facts alleged in the surrejoinder are, that the commissioners allowed certain claims against the estate, and among them the claim of *Davis*; and that their report was delivered to, and received by *Woodbury* to be by him delivered to the Judge of Probate; which he neglected and refused to do.

By law it is the duty of commissioners to make *their own* return to the Judge of Probate. The commission under which they act contains a mandate to this effect; and it is no part of the *official duty* of an administrator to receive the report of commissioners and carry or send it to the Judge or to the Probate office. No such obligation is imposed by the condition of the administration-bond. It being, then, no part of *Woodbury's* duty

his engagement to the commissioners to deliver their report to the Judge could only bind him in his personal capacity, and not as administrator ; and it could not bind his sureties in any manner whatever.

A point very similar to this was decided in *Waterhouse v. Waite,* 11 *Mass.* 207. In that case the plaintiff demanded damages of the defendant for an alleged neglect of *Thurlo,* one of his deputies, in not returning an execution which he had extended on land, to the registry of deeds, to be recorded within three months, whereby the plaintiff lost the benefit of his extent.— *Thurlo* had charged, with his other fees, the price of recording the execution, and had received the amount of the plaintiff. The Court decided that if there had been an express promise on the part of *Thurlo* to procure the registry of the execution and return, such promise and undertaking could not bind the sheriff, it being merely a personal engagement, and not an official act which he was under any obligation to perform.

But this is not the only difficulty on the part of the plaintiff. If *Woodbury* had returned the report of the commissioners to the Judge of Probate, according to their expectation and his own engagement, containing an allowance of the claim of *Davis ;* still this action could not be maintained, unless a decree of distributio i had been passed by the Judge of Probate, founded on the report of the commissioners ; and unless also the creditor *Davis,* for whose benefit this action is brought, had demanded his dividend of the administrator. This mode of proceeding is directed, and this kind of proof is rendered necessary by the statute regulating proceedings on administration-bonds, prior to the instituting of an action by a creditor for such dividend.

The conduct of *Woodbury* is certainly liable to suspicion. But the creditors are not without remedy, if he be disposed to mis-manage the estate, and has actually used means to suppress the report of the commissioners, or defrauded those concerned. The Judge of Probate may remove him from office, and appoint some person who will faithfully close the administration of the estate.

The surrejoinder is adjudged bad and insufficient; and judg ment must be entered for the defendants for their costs.